SAO
JOSH COLE AICKLEN
Nevada Bar No. 007254
Josh.aicklen@lewisbrisbois.com
DAVID B. AVAKIAN
Nevada Bar No. 009502
David.avakian@lewisbrisbois.com
PAIGE S. SHREVE
Nevada Bar No. 013773
Paige.shreve@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
Attorneys for Defendant
AFFINITYLIFESTYLES.COM, INC.
d/b/a REAL WATER

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| JENNIFER NUNES, a Nevada citizen; DENNYS SIAN, a Nevada citizen; RAMONA WELLS, a Nevada citizen; JAYSON MORGAN, a Nevada citizen, and KEYATRA GRANT, a Nevada citizen, <br><br> Plaintiff, <br><br> vs. <br><br> AFFINITYLIFESTYLES.COM, INC. d/b/a REAL WATER, a Nevada corporation, ROE Defendants 1-100, <br><br> Defendants. | Case No. 2:16-cv-02265-APG-NJK <br><br><br><br> as amended on p. 12 |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

1.     PURPOSES AND LIMITATIONS

       Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be

4829-6726-4064.1

1  warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the

2  following Stipulated Protective Order. The parties acknowledge that this Order does not

3  confer blanket protections on all disclosures or responses to discovery and that the

4  protection it affords from public disclosure and use extends only to the limited information

5  or items that are entitled to confidential treatment under the applicable legal principles.

6  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated

7  Protective Order does not entitle them to file confidential information under seal;

8  Nevada/Federal law sets forth the procedures that must be followed and the standards

9  that will be applied when a party seeks permission from the court to file material under

10  seal.

11  2.    **DEFINITIONS**

12      2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of

13  information or items under this Order.

14      2.2    "<u>CONFIDENTIAL</u>" Information or Items: information (regardless of how it is

15  generated, stored or maintained) or tangible things that qualify for protection under

16  Federal Rule of Civil Procedure 26(c).

17      2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel

18  (as well as their support staff).

19      2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items

20  that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

21      2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the

22  medium or manner in which it is generated, stored, or maintained (including, among other

23  things, testimony, transcripts, and tangible things), that are produced or generated in

24  disclosures or responses to discovery in this matter.

25      2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter

26  pertinent to the litigation who has been retained by a Party or its counsel to serve as an

27  expert witness or as a consultant in this action.

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

2.7   <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    **DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-6726-4064.1                                                    4

1   unnecessary expenses and burdens on other parties) expose the Designating Party to
2   sanctions.  If it comes to a Designating Party's attention that information or items that it
3   designated for protection do not qualify for protection, that Designating Party must
4   promptly notify all other Parties that it is withdrawing the mistaken designation.

5       5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this
6   Order (<u>see</u>, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or
7   ordered, Disclosure or Discovery Material that qualifies for protection under this Order
8   must be clearly so designated before the material is disclosed or produced.
9   Designation in conformity with this Order requires:

10       (a) for information in documentary form (e.g., paper or electronic documents, but
11   excluding transcripts of depositions or other pretrial or trial proceedings), that
12   the Producing Party affix the legend "CONFIDENTIAL" to each page that
13   contains protected material. If only a portion or portions of the material on a
14   page qualifies for protection, the Producing Party also must clearly identify the
15   protected portion(s) (e.g., by making appropriate markings in the margins).  A
16   Party or Non-Party that makes original documents or materials available for
17   inspection need not designate them for protection until after the inspecting
18   Party has indicated which material it would like copied and produced. During
19   the inspection and before the designation, all of the material made available for
20   inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has
21   identified the documents it wants copied and produced, the Producing Party
22   must determine which documents, or portions thereof, qualify for protection
23   under this Order. Then, before producing the specified documents, the
24   Producing Party must affix the "CONFIDENTIAL" legend to each page that
25   contains Protected Material. If only a portion or portions of the material on a
26   page qualifies for protection, the Producing Party also must clearly identify the
27   protected portion(s) (e.g., by making appropriate markings in the margins).
28   / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-6726-4064.1                                        6

days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-6726-4064.1                              7

1  under the Producing Party's designation until the court rules on the challenge.

2  7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

3      7.1  <u>Basic Principles</u>. A Receiving Party may use Protected Material that is
4  disclosed or produced by another Party or by a Non-Party in connection with this case
5  only for prosecuting, defending, or attempting to settle this litigation. Such Protected
6  Material may be disclosed only to the categories of persons and under the conditions
7  described in this Order. When the litigation has been terminated, a Receiving Party must
8  comply with the provisions of section 13 below (FINAL DISPOSITION).   Protected
9  Material must be stored and maintained by a Receiving Party at a location and in a
10  secure manner that ensures that access is limited to the persons authorized under this
11  Order.

12      7.2  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise
13  ordered by the court or permitted in writing by the Designating Party, a Receiving Party
14  may disclose any information or item designated "CONFIDENTIAL" only to:

15      (a)  the Receiving Party's Outside Counsel of Record in this action, as well as
16  employees of said Outside Counsel of Record to whom it is reasonably necessary
17  to disclose the information for this litigation;

18      (b)  the officers, directors, and employees (including House Counsel) of the
19  Receiving Party to whom disclosure is reasonably necessary for this litigation and
20  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21      (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure
22  is reasonably necessary for this litigation and who have signed the
23  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24      (d)  the court and its personnel;

25      (e)  court reporters and their staff, professional jury or trial consultants, mock
26  jurors, and Professional Vendors to whom disclosure is reasonably necessary for
27  this litigation and who have signed the "Acknowledgment and Agreement to Be
28  Bound" (Exhibit A);

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-6726-4064.1                                          8

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-6726-4064.1                                          10

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

See order issued concurrently herewith.

nating

Party

may

eks to

file

other

appli

nt to a

court

. If a

Rece

, then

the

rwise

instructed by the court.

13.   **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Each party agrees to be bound by the terms of this Confidentiality Stipulation and Order as of the date it is executed, prior to the entry of the Order by the Court. This

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | Confidentiality Stipulation and Order may be executed in any number of counterparts,

2 | each of which shall be deemed an original, but all of which taken together shall constitute

3 | one instrument.

4

Dated: January 13th, 2017
5 | CANEPA RIEDY ABELE & COSTELLO

6

7

8

Scott K. Canepa, Esq.
9 | Terry W. Riedy, Esq.
CANEPA RIEDY ABELE & COSTELLO
10 | 851 S. Rampart Blvd., Ste. 160
Las Vegas, NV 89145-4885
11 | Attorneys for Plaintiffs JENNIFER
NUNES;DENNYS SIAN; RAMONA
12 | WELLS; JAYSON MORGAN
And KEYATRA GRANT

13

14

15

16 | Dated: January ___, 2017
KEMP JONES & COULTHARD, LLP

17

18

19

J. Randall Jones, Esq.
20 | Michael J. Gayan, Esq.
Nathanael R. Rulis, Esq.
21 | KEMP JONES & COULTHARD, LLP
3800 Howard Hughes Pkwy., 17th Floor
22 | Las Vegas, NV 89169
Attorneys for Plaintiffs JENNIFER NUNES;
23 | DENNYS SIAN; RAMONA WELLS;
JAYSON MORGAN
24 | And KEYATRA GRANT

Dated: January ___, 2017
LEWIS BRISBOIS BISGAARD & SMITH LLP

Josh Cole Aicklen, Esq.
David B. Avakian, Esq.
Paige S. Shreve, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Tel. 702.893.3383
Attorneys for Defendant
AFFINITYLIFESTYLES.COM, INC. d/b/a
REAL WATER

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Confidentiality Stipulation and Order may be executed in any number of counterparts,

2   each of which shall be deemed an original, but all of which taken together shall constitute

3   one instrument.

4   Dated: January ___, 2017              Dated: January 13th, 2017
5   CANEPA RIEDY ABELE & COSTELLO   LEWIS BRISBOIS BISGAARD & SMITH LLP

6

7

8   _____            _____
9   Scott K. Canepa, Esq.              Josh Cole Aicklen, Esq.
    Terry W. Riedy, Esq.               David B. Avakian, Esq.
10  CANEPA RIEDY ABELE & COSTELLO      Paige S. Shreve, Esq.
    851 S. Rampart Blvd., Ste. 160     LEWIS BRISBOIS BISGAARD & SMITH, LLP
    Las Vegas, NV 89145-4885           6385 S. Rainbow Boulevard, Suite 600
11  Attorneys for Plaintiffs JENNIFER  Las Vegas, Nevada 89118
    NUNES;DENNYS SIAN; RAMONA          Tel. 702.893.3383
12  WELLS; JAYSON MORGAN               Attorneys for Defendant
    And KEYATRA GRANT                  AFFINITYLIFESTYLES.COM, INC.  d/b/a
13                                     REAL WATER
14

15

16  Dated: January 13, 2017
    KEMP JONES & COULTHARD, LLP
17

18

19  _____
    J. Randall Jones, Esq.
20  Michael J. Gayan, Esq.
    Nathanael R. Rulis, Esq.
21  KEMP JONES & COULTHARD, LLP
    3800 Howard Hughes Pkwy., 17th Floor
22  Las Vegas, NV 89169
    Attorneys for Plaintiffs JENNIFER NUNES;
23  DENNYS SIAN; RAMONA WELLS;
    JAYSON MORGAN
24  And KEYATRA GRANT

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-6726-4064.1                                    13

1

<u>ORDER</u>

2

    BASED UPON THE STIPULATION OF THE PARTIES and good cause appearing

3

therefore,

4

    IT IS SO ORDERED that the certain Discovery material in this case will be treated

5

as CONFIDENTIAL pursuant to the Stipulation of the Parties and enumerated above.

6

    DATED this _ 17th day of January _____, 2017.

7

8

9

_____

UNITED STATES MAGISTRATE JUDGE

10

11

Submitted By:

12

LEWIS BRISBOIS BISGAARD & SMITH, LLP

13

14

15

_____ 1-13-2017

16

JOSH COLE AICKLEN            Date
Nevada Bar No. 007254

17

DAVID B. AVAKIAN
Nevada Bar No. 009502

18

PAIGE S. SHREVE
Nevada Bar No. 013773

19

LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600

20

Las Vegas, Nevada 89118
702.893.3383

21

FAX: 702.893.3789
Attorneys for Defendant

22

AFFINITYLIFESTYLES.COM, INC.
d/b/a REAL WATER

23

24

25

26

27

28



1

**EXHIBIT A**

2

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ of_____ declare under penalty of perjury that I have

4    read in its entirety and understand the Stipulated Protective Order that was issued by the

5    United States District Court for the Southern District of Nevada on [date] in the case of

6    JENNIFER NUNES et al v. AFFINITYLIFESTYLES.COM, INC. d/b/a REAL WATER

7    (Case No. 2:16-cv-02265-APG-NJK).  I agree to comply with and to be bound by all the

8    terms of this Stipulated Protective Order and I understand and acknowledge that failure to

9    so comply could expose me to sanctions and punishment in the nature of contempt. I

10    solemnly promise that I will not disclose in any manner any information or item that is

11    subject to this Stipulated Protective Order to any person or entity except in strict

12    compliance with the provisions of this Order.   I further agree to submit to the

13    jurisdiction of the United States District Court for the Southern District of Nevada

14    and/or the courts of the State of Nevada, as applicable, for the purpose of enforcing the

15    terms of this Stipulated Protective Order, even if such enforcement proceedings occur

16    after termination of this action.  I hereby appoint _____ of

17    _____as my Nevada agent for service of process in connection with

18    this action or any proceedings related to enforcement of this Stipulated Protective

19    Order.

20

21    Date:

22    _____

23    City and State where sworn and signed:_____

24

25    Printed name:_____

26

27    Signature: _____

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW