UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JENNIFER NUNES, *et al.*, | Case No. 2:16-cv-02265-APG-NJK |
| Plaintiffs, | |
| v. | **ORDER REMANDING CASE TO STATE COURT** |
| AFFINITYLIFESTYLES.COM, INC. d/b/a REAL WATER, | (ECF No. 13) |
| Defendant. | |

Plaintiffs Jennifer Nunes, Dennys Sian, Ramona Wells, and Keyatra Grant filed this proposed class action in Nevada state court against defendant Affinitylifestyles.com d/b/a Real Water. Real Water removed the case to this court on the basis of federal question jurisdiction. The plaintiffs move to remand. I grant the motion and remand the case to state court because the plaintiffs assert only state law claims, those claims are not preempted, and they do not raise a substantial issue of federal law.

**I. BACKGROUND**

The plaintiffs allege that Real Water uses municipal tap water, processes it, and sells it as bottled water at a "premium price." ECF No. 2-1 at 4. According to the complaint, Real Water makes numerous false scientific and health related claims on its label, including that it is "beyond alkalinity," is infused with negative ions, can help the consumer's body become more alkalized to improve health, removes toxins, allows for the intake of antioxidant electrons to neutralize harmful free radicals, and increases cellular hydration. *Id.* at 5-6. The plaintiffs allege there is no scientific basis for these claims and some of the claims are contrary to known scientific principles. *Id.* at 6-8. The plaintiffs thus claim Real Water has violated the Federal Food, Drug and Cosmetic Act (FDCA) and a Food and Drug Administration (FDA) regulation by misbranding its bottled water. *Id.* at 9. Although the complaint refers to a violation of federal law, the plaintiffs assert only state law claims of violation of Nevada's laws against consumer

fraud and deceptive trade practices (count 1), breach of express warranty (count 2), breach of the implied warranty of merchantability (count 3), and unjust enrichment (count 4). *Id.* at 13-19.

Real Water removed the action on the basis of federal question jurisdiction, asserting that the plaintiffs' claims were preempted by the FDCA.[1] ECF No. 2 at 3. *Id.* The plaintiffs move to remand, arguing that they assert only state law claims and that the mere reference to federal law within their state law claims does not support removal. Real Water responds that the plaintiffs' state law claims are expressly preempted by the Nutrition Labeling and Education Act (NLEA), which amended the FDCA. Alternatively, Real Water argues the plaintiffs' claims raise a substantial question of federal law sufficient to support federal question jurisdiction.

**II. ANALYSIS**

A defendant may remove a state court case under 28 U.S.C. § 1441(a) only when "the district courts of the United States have original jurisdiction." Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The presence or absence of a federal question is determined by the well-pleaded complaint rule. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under that rule, federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* The plaintiff is the master of his or her complaint; "he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus a plaintiff is not required to assert federal claims, even if they exist. *Id.*

This does not mean, however, that a plaintiff may defeat removal by "omitting to plead necessary federal questions in a complaint." *ARCO Envtl. Remediation v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000) (quotation omitted). If a federal question is

---

[1] In its removal petition, Real Water also asserted that the Interstate Commerce Act preempted the plaintiffs' claims. ECF No. 2 at 3. Real Water does not argue in its response to the motion to remand that the Interstate Commerce Act preempts the plaintiffs' claims or otherwise provides a basis to support federal question jurisdiction. Real Water therefore has not met its burden of establishing jurisdiction based on the Interstate Commerce Act.

an essential element of the relief sought, a plaintiff may not avoid federal jurisdiction by choosing to ignore it in the complaint. *Id.*  A state-created cause of action arises under federal law:

> (1) where federal law completely preempts state law; (2) where the claim is necessarily federal in character; or (3) where the right to relief depends on the resolution of a substantial, disputed federal question.

*Id.* (internal citations omitted).

Federal courts are courts of limited jurisdiction and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989).  The "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Remand is required if the court lacks subject matter jurisdiction. 28 U.S.C. §1447(c).

**A.  Express Preemption**

Real Water argues the NLEA amendments to the FDCA contain an express preemption provision that supports removal based on federal question jurisdiction.  The plaintiffs respond that the preemption provision refers only to state law claims that would impose requirements different from or in addition to the FDCA's requirements.  The plaintiffs contend that because their complaint is based on allegations that Real Water violated the FDCA, they do not seek to impose different or additional obligations on Real Water, so their claims are not preempted.

Generally, a case arises under "the law that creates the cause of action." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 8 (1983) (quotation omitted).  A complaint that "alleg[es] a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 817 (1986) (holding that removal was improper based on state law claims incorporating violations of the FDCA because such claims do not arise under federal law).  There is no private right of action to enforce the FDCA. *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 924 (9th Cir. 2010).  Consequently, the

1  plaintiffs' state law claims do not arise under federal law merely because they incorporate a
2  violation of the FDCA as a means to show a violation of state law.
3      The NLEA's express preemption provision does not alter this result.  Real Water's
4  preemption argument is a federal defense.[2]  "A defense that raises a federal question is inadequate
5  to confer federal jurisdiction."  *Merrell Dow Pharm. Inc.*, 478 U.S. at 808.  In any event, the
6  plaintiffs' claims are not preempted.
7      As part of the Nevada deceptive trade practices claim, the complaint alleges Real Water
8  violated the FDCA, 21 U.S.C. § 331, which prohibits misbranding food in interstate commerce.
9  ECF No. 2-1 at 9.  Food is misbranded under § 343(a) if its label is "false or misleading in any
10 particular."  Food is misbranded under § 343(g) if it is represented as a food for which the FDA
11 has prescribed a definition and standard of identity and the food does not conform to that
12 definition and standard.  *See* ECF No. 2-1 at 9 (referring to §§ 343(a) and (g) as the provisions
13 Real Water violated).
14     The NLEA added the following express preemption provision to the FDCA:

> (a) Except as provided in subsection (b) of this section, no State or political subdivision of a State may directly or indirectly establish under any authority or continue in effect as to any food in interstate commerce--
>
> (1) any requirement for a food which is the subject of a standard of identity established under section 341 of this title that is not identical to such standard of identity or that is not identical to the requirement of section 343(g) of this title, . . .
>
> . . .
>
> (5) any requirement respecting any claim of the type described in section 343(r)(1) of this title, made in the label or labeling of food that is not identical to the requirement of section 343(r) of this title, except a requirement respecting a claim made in the label or labeling of food which is exempt under section 343(r)(5)(B) of this title.

21 U.S.C. § 343-1.  "Not identical to" means that "the State requirement directly or indirectly imposes obligations or contains provisions concerning the . . . labeling of food" that the

---

[2] Real Water does not argue the plaintiffs' claims are completely preempted.

applicable federal provisions do not impose or that "[d]iffer from those specifically imposed by or contained in the applicable provision." 21 C.F.R. § 100.1(c)(4).

Courts have interpreted similar preemption language to preclude states from imposing new or additional labeling requirements, but not to preclude states from providing a damages remedy for claims premised on a violation of the FDCA. In such cases, the state requirements "parallel" the federal requirements, rather than add to or differ from them. *Riegel v. Medtronic, Inc.*, 552 U.S. 312, 321-22, 330 (2008) (stating § 360k(a) of the FDCA relating to medical devices preempts only state requirements that are different from or in addition to federal requirements); *see also Medtronic, Inc. v. Lohr*, 518 U.S. 470, 489-91 (1996) (same); *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 757-58 (9th Cir. 2015) (holding § 379s of the FDCA did not preempt state law claims for mislabeling of cosmetics so long as the state lawsuit did not attempt to impose different or additional requirements). Section § 343-1 likewise does not preempt state laws that allow consumers, like the plaintiffs here, to sue bottled water manufacturers that label their products in violation of federal standards. In sum, nothing in § 343-1 denies Nevada the right to provide a damages remedy for violations of state law duties when those duties parallel federal requirements. *Lohr*, 518 U.S. at 495; *see also Reid v. Johnson & Johnson*, 780 F.3d 952, 959 (9th Cir. 2015) ("The NLEA does not preempt state law-based causes of action that are identical to the federal labeling requirements.").

Real Water states, in conclusory fashion, that because its label complies with the FDCA and FDA regulations, the plaintiffs' state law claims are preempted. ECF No. 16 at 5. Real Water does not explain how the plaintiffs' state law claims seek to impose requirements that are not identical to the federal requirements. Real Water bears the burden of showing federal question jurisdiction exists based on preemption. It has not done so here.

**B. Substantial Federal Question**

Real Water alternatively argues that the plaintiffs' state law claims arise under federal law because they raise substantial questions of federal law. The plaintiffs deny that their claims raise substantial federal issues within the meaning of relevant case law.

"A state cause of action invokes federal question jurisdiction only if it 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 674 (9th Cir. 2012) (quoting *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).  Even where a state law claim necessarily raises a substantial and disputed question of federal law, "removal is subject to a 'possible veto' where exercising federal jurisdiction is not 'consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331.'" *Id.* at 675 (quoting *Grable*, 545 U.S. at 313).  "[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit." *Gunn v. Minton*, 133 S. Ct. 1059, 1066 (2013).  "The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Id.*

      Here, the plaintiffs' state law claims do not necessarily raise a substantial federal issue because the plaintiffs offer multiple reasons why Real Water has violated the Nevada deceptive trade practices act, only some of which are founded on violations of federal law. ECF No. 2-1 at 13-14; *Nevada*, 672 F.3d at 674-75 (citing *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996)).  Moreover, the federal issues are not substantial within *Grable*'s meaning.  In contrast to *Grable*, which involved a question of statutory interpretation affecting federal income tax collection, whether Real Water violated the FDCA has little importance to the federal system as a whole.  Finally, even if the federal issues are substantial, exercising federal question jurisdiction in a case such as this would have a significant impact on the federal-state division of labor.  "State courts frequently handle state-law consumer protection suits that refer to or are predicated on standards set forth in federal statutes.  Exercising federal question jurisdiction over any state law claim that references a federal consumer protection statute would 'herald[ ] a potentially enormous shift of traditionally state cases into federal courts.'" *Nevada*, 672 F.3d at 676 (quoting *Grable*, 545 U.S. at 319).  Real Water therefore has not established federal question jurisdiction based on a substantial question of federal law.

**III.  CONCLUSION**

     IT IS THEREFORE ORDERED that the plaintiffs' motion to remand **(ECF No. 13) is GRANTED**.  This case is remanded to the state court from which it was removed for all further proceedings.  The Clerk of the Court is instructed to close this case.

     DATED this ι23rd ` January, 2017.

                               ANDREW P. GORDON
                               UNITED STATES DISTRICT JUDGE